IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00655-WYD-MEH

JECKONIAS N. MURAGARA,

     Plaintiff,
v.

PRIMESOURCE STAFFING, LLC,

     Defendant.

## RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint [Docket #4]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. Plaintiff did not respond to Defendant's Motion, and the Court issued an Order to Show Cause why Plaintiff had not responded. Plaintiff responded to the Order to Show Cause with arguments regarding his case, his desire for default judgment against Defendant, and his desire for remand to state court. Plaintiff did not directly address the legal arguments raised by Defendant's Motion to Dismiss. Nevertheless, because Plaintiff is *pro se*, the Court will address the arguments raised in his Response to the Order to Show Cause as though Plaintiff had responded in like manner to the Motion to Dismiss.[1] For the reasons set forth below, the Court recommends that the District Court **grant** Defendant's Motion to Dismiss.

---

[1] The Court construes the pleadings of a *pro se* party liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

**I.     Facts**

Plaintiff filed his Complaint in El Paso County District Court on January 18, 2006. Defendant was served on March 20, 2006, and removed the case to united States District Court, District of Colorado on April 7, 2006, based on federal question jurisdiction. Plaintiff's Complaint is titled "Employment Discrimination Complaint" and alleges discrimination and wrongful termination based on national origin. The Complaint specifically references federal law.

Defendant filed the instant Motion to Dismiss based on Plaintiff's alleged failure to exhaust administrative remedies. Defendant asserts that Plaintiff did not file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or the Colorado Civil Rights Division ("CCRD") before filing this lawsuit, as required respectively by federal and state discrimination laws. Plaintiff's Response to the Order to Show Cause does not address his failure to file a charge of discrimination with either the appropriate state or federal administrative agencies.

**II.    Discussion**

    **A.     Legal Standard for Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)**

A Motion to Dismiss brought under Fed. R. Civ. P. 12(b) should be granted only if Plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *Sutton v. Utah State Sch. For Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). All well-pleaded factual allegations in the Complaint must be taken as true and viewed in the light most favorable to the non-moving party. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Although the Court construes a *pro se* plaintiff's pleadings liberally, Plaintiff still retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because "a *pro se* plaintiff requires no special

legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

### B.    Plaintiff's Failure to Exhaust Administrative Remedies

Plaintiff brought this lawsuit under the Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.* Complaint, p.3. "Title VII requires a plaintiff to exhaust his or her administrative remedies before filing suit." *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). This requires a plaintiff to file a charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5. The Tenth Circuit has held that "a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under Title VII – not merely a condition precedent to suit." *Shikles*, 426 F.3d at 1317.

Similarly, Colorado law requires a plaintiff to exhaust his administrative remedies before filing a lawsuit for violation of state discrimination laws. C.R.S. § 24-34-306(1). Before a plaintiff may obtain judicial review of his state law discrimination claims, he must first exhaust his administrative remedies with the Colorado Civil Rights Division. *City of Colorado Springs v. Conners*, 993 P.2d 1167, 1169 (Colo. 2000).

Here, Plaintiff provides no evidence that he had filed a charge of discrimination with either the EEOC or the CCRD. Although Defendant's Motion to Dismiss is predicated on Plaintiff's failure to do so, Plaintiff has not addressed this requirement. Plaintiff's *pro se* status does not relieve him of the requirement to set forth all facts surrounding his claims. *Hall*, 935 F.2d at 1110. Having been notified by Defendant's Motion to Dismiss that his filing of an administrative charge was at issue, Plaintiff failed to present any factual allegations or evidence that such a charge had been filed and that he had received a right to sue letter from either agency. As such, the Court recommends that

Defendant's Motion to Dismiss be **granted** due to Plaintiff's failure to exhaust his administrative remedies.

**III.     Conclusion**

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendant's Motion to Dismiss Plaintiff's Complaint [Filed April 14, 2006; Docket #4] be **granted** and that the District Court dismiss Plaintiff's Complaint without prejudice. *See Strozier v. Potter*, 71 Fed. Appx. 802, 803 (10th Cir. Aug. 4, 2003) (holding that dismissal for failure to satisfy the jurisdictional prerequisite of exhausting administrative remedies should be without prejudice). Plaintiff has produced no evidence that he has exhausted his administrative remedies prior to bringing this lawsuit. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[2]

Dated at Denver, Colorado this 14th day of July, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[2] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).